**William MORRIS and Robert L. Nelson, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–257.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellants.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellants, William Morris and Robert L. Nelson, hereinafter referred to as defendant Morris and defendant Nelson, were charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–3041, for the offense of Robbery with Firearms, their punishment was fixed at one hundred fifty (150) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, William Colbert testified that on December 22, 1972, he was employed as a school teacher and worked

part-time at Robinson Brothers Drug Store at 3636 North Western in Oklahoma City. That at about 8:30 p. m. a man, whom he identified in court as defendant Morris, entered the drug store, pointed a gun at him and told him to empty the cash register. He removed the money from the register, put it in a paper bag and handed it to defendant Morris. A second man, clad in a gold colored hooded windbreaker entered by the rear door and defendant Morris told Colbert to wait on him. The second man, whom Colbert identified in court as defendant Nelson, had an automatic Beretta pistol and demanded all the class A narcotics, amphetamines and barbiturates. He complied with defendant Nelson's demands and started putting the narcotics into a bag. He later identified some narcotics at the police station and in court as State's Exhibit 1 by means of recognizing his price code markings.

Haven McNabb testified that she was employed as a clerk and cashier at the Robinson Brothers Drug Store on the evening in question. Her testimony did not differ substantially from that of witness Colbert's concerning the robbery. She identified defendant Morris in court as the first robber, noting that part of his left index finger was missing. She testified that she did not get a good look at the second robber's face. She identified State's Exhibit 4B as being similar to the gold jacket the second robber was wearing.

Sharon Davis testified that she was a customer at the drug store and present during the robbery. She identified defendant Morris as being one of the robbers.

Officer Sanders testified that at approximately 11:25 p. m. on December 22, 1972, he was dispatched to the Capital Arms Apartments. He proceeded to apartment 406D and placed defendant Morris under arrest. He testified that defendant Morris bore the description broadcast of an armed robber, specifically noting that the first digit of his left index finger was missing. He took Morris to Mercy Hospital for emergency treatment of cuts on his hand and then returned with him to 30th and North Lincoln accompanied by Detectives Hooten and Harrison. After having a conversation with defendant Morris, they stopped a red 1966 Chevrolet station wagon occupied by defendant Nelson and a white female passenger. They were placed under arrest and in the station wagon Sanders saw a gold colored jacket, State's Exhibit 4B, numerous loose bills and miscellaneous assortment of pills.

Officer Bevel testified that he took photographs of the station wagon and identified the physical evidence found in the car.

Detectives Hooten and Harrison testified that they arrested the occupants of the station wagon at 29th and North Lincoln shortly after midnight. Officer Harrison identified the female as Bertha Wright.

Officer James testified that he assisted Officer Sanders in arresting defendant Morris at the Capital Arms Apartment. As they were leaving, the owner of the apartment, Mr. Jones, handed him a .32 caliber pistol which was laying on the table.

Officer Hoover testified that he found a bag of narcotics, State's Exhibit 1A, in a field behind the Villa Motel on North Lincoln.

Bertha Wright testified that she was eighteen years old and had been sentenced to ten (10) years after pleading guilty to this robbery. She came to Oklahoma City from Minneapolis with defendants Morris and Nelson. The three drove around before the robbery and made plans for carrying it out. The night of the robbery she stayed in the car and observed both defendant Nelson and defendant Morris enter the drug store and return shortly with narcotics. She hid some of the drugs in a field back of the motel. In cross-examination she testified that both defendants Morris and Nelson were going through withdrawal symptoms and that she did not think that they realized what they were doing.

█ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the

record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. We are of the opinion that justice would best be served by modifying the judgments and sentences to terms of seventy-five (75) years imprisonment and as so modified, the judgments and sentences are affirmed.

BLISS, P. J., and BRETT, J., concur.